UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACOB WOOLERY,

    Plaintiff,

    v.

LASSEN COUNTY JAIL, et al.,

    Defendants.

No. 2: 21-cv-0154 KJN P

ORDER

Plaintiff is a county prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are the Lassen County Jail, Lassen County and Lassen County Sheriff. Plaintiff alleges that Lassen County Sheriffs continually turn off the heat in the Lassen County Jail. Plaintiff alleges that the temperature in the living quarters drops to the low 50s and possibly into the 40s. Plaintiff alleges that "we" are so cold, our hands and feet "hurt with numbness." Plaintiff alleges that jail staff have space heaters in their work areas. Plaintiff alleges that as soon as it heats up, they turn the heat off. As relief, plaintiff seeks money damages.[1]

Suits against the Lassen County Jail or the Lassen County Sheriff in his official capacity are properly construed as suits against the responsible county entity, specifically, Lassen County. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n.55 (1978)). Local governmental entities may be liable under Section 1983 for civil rights violations. See, e.g., Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 n.2. (9th Cir. 1988). However, the Supreme Court has limited municipal liability to the unconstitutional implementation or execution of a municipal "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690 (fn. omitted).

Plaintiff's complaint does not allege that the alleged deprivation, i.e., lack of heat, reflects a specific county jail policy or procedure, or the violation of a policy or procedure. Accordingly, these claims are dismissed.

To the extent plaintiff names defendant Lassen County Sheriff in his individual capacity, plaintiff's complaint contains no specific allegations against this defendant. The Civil Rights Act under which this action was filed provides as follows:

////

---

[1] Plaintiff is currently incarcerated in the Shasta County Jail.

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff's claims against defendant Lassen County Sheriff in his individual capacity are dismissed because he is not linked to any alleged deprivation.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

4

each named defendant is involved. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo</u>, 423 U.S. at 371; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See <u>Ramirez v. County of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Shasta County Sheriff filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must

also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  March 2, 2021

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wool154.14

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB DAVID WOOLERY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LASSEN COUNTY JAIL, et al.,<br><br>　　　　　Defendant. | No.  2: 21-cv-0154 KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　　　　Amended Complaint
DATED:

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　Plaintiff